IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

YASHICA YASHAY WESSON                                        PLAINTIFF

NO. 3:18CV182-JMV

NANCY A. BERRYHILL,
ACTING COMMISIONER OF SOCIAL SECURITY             DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability income benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the ALJ's decision is not supported by substantial evidence in the record. Specifically, the ALJ rejected limitations proffered by Dr. Ramesh Gupta and Dr. Jim Adams (a treating physician and examining physician, respectively) with respect to the claimant's capacity for prolonged standing/walking and sitting. As determined during the hearing on this matter, the ALJ's reasons for rejecting these opinions is not supported by substantial evidence in the record. For example, the ALJ's suggestion that the claimant's non-SGA work supports his rejection of the doctors' opinions is without merit because the evidence of record fails to reveal any

inconsistencies between the doctors' limitations on prolonged walking/standing and sitting and the work the claimant testified she was doing.

On remand, the ALJ must reconsider the medical source opinions of Dr. Gupta and Dr. Adams with regard to the claimant's ability to stand/walk and sit. The ALJ must recontact Dr. Gupta and Dr. Adams for clarification and/or further explanation of their opinions regarding these specific limitations before rendering a new decision. Also, if necessary, the ALJ may order an additional consultative examination and/or seek the advice of a medical consultant with regard to an assessment of the claimant's ability to stand/walk and sit. Should the ALJ decide to order another physical consultative examination, the ALJ must provide the consultative examiner with copies of all the relevant medical evidence in the file and request an assessment of the claimant's ability to stand/walk and sit. Ultimately, the ALJ must provide an explanation, supported by substantial evidence in the record, for rejecting any medical source opinion. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering all her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 6th day of September, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE