### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**YASHICA YASHAY WESSON**                                              **PLAINTIFF**

                                                                                 **NO. 3:18CV182-JMV**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                     **DEFENDANT**

### O R D E R

Before the Court are Plaintiff's motion for an award of $9,321.25 in attorney fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) [21], and supporting memorandum [22]; and Defendant's response [23]. For the reasons set out below, Plaintiff's request for approval of a payment to her counsel of $9,321.25 from her past-due benefits is GRANTED.

Yashica Wesson filed an action in this Court on August 28, 2018, to appeal the Commissioner's decision denying her applications for disability benefits. On September 6, 2019, this Court entered a Final Judgment [17] that reversed the case and remanded it to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the Court's reversal and remand, the Commissioner issued a fully favorable decision and on June 23, 2020, issued a Notice of Award of past-due benefits in the amount of $61,285.00. Plaintiff filed the instant motion on September 15, 2020. In his response to the motion, the Commissioner states he "has no legal position as to the appropriateness or reasonableness of Counsel's request because he is not the true party in interest." Def.'s Br. [23]

1.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1]

Here, Plaintiff's counsel requests authorization for payment of $9,321.25 from monies withheld by the Agency from the claimant's past-due benefits.[2] Several factors weigh in favor

---

[1] In *Gisbrecht*, the Supreme Court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

[2] The Agency withheld $15,321.25 from Plaintiff's past-due benefits for payment of her attorney.

of a finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff contracted with her counsel to pay 25% of her past-due benefits for legal representation at the federal court level. Second, counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for her client before this Court and before the Agency, and has not been responsible for any delay in this matter. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals.[3] Finally, the fee requested, $9,321.25, amounts to only a little over 15% of the claimant's past-due benefits and, consequently, does not offend § 406(b)(1)(A)'s limitation on fees.

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $9,321.25 is approved. It is further ORDERED that counsel must refund Plaintiff the prior EAJA award ($5,666.15) as acknowledged in Plaintiff's briefing.

This, 19th day of October, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).